THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO RODRÍGUEZ ROJAS, Defendant and Appellant.

No. CR-66-440.        Decided June 29, 1967.

*Enrique Miranda Merced, Edna Abruña Rodríguez,* and *E. Armstrong de Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed an information against Julio Rodríguez Rojas, k/a Carlos Pazos Santana, for a violation of § 152 of the Penal Code (Escape), charging him that "about February 13, 1966 and in Santurce, Puerto Rico, which is a part of the jurisdiction of the Superior Court of Puerto Rico, San Juan Part, illegally, voluntarily, maliciously, and criminally, escaped from the Municipal Hospital of Santurce, where he had been transferred from La Princesa Jail, to be treated for a wound which he had in his abdomen. This defendant was temporarily committed in La Princesa District Jail by order of the United States District Court for the District of Puerto Rico, through Commissioner Harley Miller, for the violation of the Narcotics Law and Bribe Act, on bail amounting to $100,000."

The corresponding trial having been held, he was found guilty and sentenced to serve one year and a half in jail, at hard labor.

In December 1965 the defendant was confined in "La Princesa" District Jail, temporarily, by virtue of two orders of commitment issued by the United States Commissioner Harley A. Miller, which orders are known as Temporary Commitment and Final Commitment.[1]

---

[1] Said documents read as follows:

"District Court of the United States

JUDICIAL DISTRICT OF PUERTO RICO

. . . . . . . . . . . . Division

Commissioner's Docket No. 1
Case No. 15

UNITED STATES OF AMERICA
v.
CARLOS PAZOS SANTANA AKA
JULIO RODRÍGUEZ ROJA

TEMPORARY COMMITMENT
of
CARLOS PAZOS SANTANA AKA
JULIO RODRÍGUEZ ROJA

To the United States Marshal of the JUDICIAL District of PUERTO RICO:
    You are hereby commanded to take the custody of the above-named

On the night of February 13, 1966 the defendant was transferred by a penal guard from "La Princesa" Jail to the Municipal Hospital in Santurce, for the treatment of a wound in his abdomen. A doctor examined him and ordered that X rays be taken.

---

defendant and to commit him with a certified copy of this commitment to the custodian of a place of confinement within this district approved by the Attorney General of United States, where the defendant shall be received and safely kept until discharged in due course of law. The above-named defendant has been arrested but not yet fully examined by me upon the complaint of ...................., charging that on or about ....
.............., 19... at .................· in the .................
District of ................... the defendant did VIOLATE THE NARCOTIC LAWS OF THE UNITED STATES AND JUMPED BAIL. FEDERAL DISTRICT JUDGE SUGARMAN IN NEW YORK HAS ISSUED TWO BENCH WARRANTS FOR HIS ARREST DATED 9/21/65 No. 65-676 & 65-677 .................................
in violation of U.S.C. Title .......... Section ..........; and he has been directed to furnish bail in the sum of Fifty Thousand———dollars ($50,000.00) for his appearance before me at San Juan, Puerto Rico, in accordance with all my orders and directions relating thereto, and he has failed to do so.

Dated: Dec. 27, 1965.            (Signed) Harley A. Miller
                                  United States Commissioner.

.............·..., 19 ..
A True Copy. Certified this 27th day of December 1965.
(Signed) Harley A. Miller
         U.S. Commissioner"

"UNITED STATES DISTRICT COURT

For the

---

Commissioner's Docket No. 1
Case No. 16

| UNITED STATES OF AMERICA | |
|---|---|
| v. | FINAL COMMITMENT |
| CARLOS PAZOS SANTANA AKA | of |
| JULIO RODRÍGUEZ ROJA | CARLOS PAZOS SANTANA |

To: The United States Marshal of the Judicial District of Puerto Rico:
     You are hereby commanded to take the custody of the above-named defendant and to commit him with a certified copy of this commitment to the custodian of a place of confinement within the judicial District of Puerto Rico approved by the Attorney General of the United States,

After the X rays were taken, the penal guard, by orders of the nurse, took the defendant to the surgery room. There he left him lying on a bed. The nurse turned off the light and the penal guard came out to the hall. Then the penal guard took the defendant to the toilet room, took him again to his bed, and went again to the hall. The penal guard heard a metallic noise, as if breaking something, went to the room, turned on the light, and saw that defendant's bed was empty and that a Miami blind which was in front of defendant's bed had been broken. He saw like a shadow going through the opening in the window.

He went in pursuit of the defendant, but could not find him.

---

where the defendant shall be received and safely kept until discharged in due course of law. The above-named defendant was arrested upon the complaint of AUSA ANDREW LAWLER SDNY charging that on or about ................, 19..., in the SOUTHERN DISTRICT District of New York, the defendant did falsely represent to Immigration Officer that he was a citizen of the United States 18 USC 911.

Falsely impersonate another when applying for admission to the U.S. 18 USC 1546 in violation of the U.S.C. Title ......, Section ...... Dec. 29, 65 and he (having duly waived preliminary examination it appeared that there is probable cause to believe that the offense so charged has been committed and that he has committed it), has been directed to furnish bond in the sum of $50,000.00 dollars ($50,000.00) for his appearance in the United States District Court for the ............ District of New York at New York, N.Y. in accordance with all orders and directions of the court relative to his appearance before the court, and he failed to do so.

Dated: Dec. 29, 1965.

(Signed) Harley A. Miller
United States Commissioner.

A True copy certified
this 29 day of Dec.

(Signed) Harley A. Miller
United States Commissioner

Judicial District of P.R."
(Original Record, pp. 21 and 22.)

On April 19, 1966, the detective committed the defendant again in the District Jail of San Juan.

Appellant maintains that (1) the information does not charge the commission of an offense, (2) the Superior Court lacked jurisdiction to prosecute and sentence him.

Section 152 of the Penal Code (33 L.P.R.A. § 509) provides:

"§ 509. Escape from prison

"Any person under lawful custody who shall escape while being held in restraint, or during the pendency of an appeal, or while serving sentence, shall be punishable on summary order of the Superior Court of Puerto Rico in accordance with the following penalties: (a) if while held in restraint, he shall be guilty of a misdemeanor, and be subject to imprisonment in jail for a term of not less than one month nor more than two years; (b) if serving sentence or during the pendency of an appeal for a felony, he shall be guilty of a felony and be subject to imprisonment in jail for a term of not less than one year nor more than ten years; (c) if serving sentence or during the pendency of an appeal for a misdemeanor, he shall be guilty of a misdemeanor and be subject to imprisonment in jail for a term of not less than one month nor more than five years.

"This penalty shall be additional to the sentence imposed on him for the other offense, or to the one he is serving, as the case may be; *Provided,* That such penalty shall not be concurrent with any other." (33 L.P.R.A. p. 769.)

■ Although the information in this case does not follow textually the words of the statute, it states the facts constituting the offense of escape prescribed in § 152. It informs him that being held in prison awaiting trial in the District Jail of San Juan by order of the United States District Court for the District of Puerto Rico, through Commissioner Harley Miller, he escaped from the Municipal Hospital in Santurce, where he had been transferred under the custody of the jail officers to receive medical treatment and

while he was under said custody. As we shall see herein-after, the defendant escaped while under legal custody.

The information is sufficient.

In the discussion of the second assignment the appellant maintains:

"In order that a person be prosecuted in Puerto Rico, it is an essential requirement that the offense be committed against the People of Puerto Rico. (Rule 26 of the Rules of Criminal Procedure.) Hence we maintain that when the commitment of a federal prisoner in an insular institution is purely accidental and by virtue of federal authority, if said prisoner should escape, he does not commit any offense against the People of Puerto Rico, since the law violated would be that of the government of the United States rather than that of the government of Puerto Rico."

He is not right. The persons accused or convicted of an offense against the laws of the United States are committed in the penitentiary or in the district jails by virtue of a law of our Legislative Assembly. Act No. 18 of March 9, 1911 (4 L.P.R.A. § 579) provides:

"§ 579. Federal prisoners

"(a) The warden of the penitentiary and the wardens of the respective district jails of Puerto Rico shall receive and confine in the said penitentiary and district jails, in accordance with the terms of the mittimus or commitment duly issued by competent authority and safely keep until discharged by due course of law, all persons charged or heretofore or hereafter convicted of an offense against the law of the United States.

"(b) The warden of the penitentiary, and the wardens of the respective district jails, shall be liable for failing to receive and safely keep all persons delivered under the authority of the United States, heretofore or hereafter convicted, to like pains and penalties as for similar failures in the case of persons committed under authority of The People of Puerto Rico.—Mar. 9, 1911, No. 18, p. 71, §§ 1, 2, eff. Mar. 9, 1911." (Page 521.)

■ Although the commitment of federal prisoners is done in our jails by virtue of a warrant of federal authority, said prisoners are under legal custody for the purpose of § 152 of our Penal Code.

These federal prisoners are not in a different position from those persons born in Puerto Rico, who having been convicted and while serving sentence in a federal penal institution, or of any of the states of the United States of America, the District of Columbia, and the Virgin Islands, are committed in our penal institutions to complete their term of confinement therein.[2]

■ The prisoner's commitment in the District Jail of San Juan was authorized by our laws. The custody was legal and in escaping the prisoner violated § 152 of the Penal Code.

We need not decide whether the defendant was subject to prosecution for the violation of the federal laws which punish the escape of prisoners who are under the legal custody of the Attorney General of the United States of America. What we do decide here is that said defendant violated our penal statute and was subject to prosecution in our courts.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.

---

[2] Act No. 104 of June 22, 1961, provides:

"§ 579a. Convicts serving sentence at federal or Virgin Islands jails, transfer to the Commonwealth of Puerto Rico

"The Secretary of Justice of Puerto Rico is hereby authorized, insofar as the powers and economic means of the Commonwealth of Puerto Rico so permit, to admit into the penal institutions of the Commonwealth of Puerto Rico, for confinement, Puerto Rican convicts who may be serving sentence at a penal institution of the Federal Government or of any of the states of the United States of America, the District of Columbia, and the Virgin Islands, in order that such convicts may complete their term of confinement in the penal institutions of Puerto Rico." (4 L.P.R.A. page 522.)